IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:21-cr-16 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| JOSHUA EDMONDS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I. Introduction

Pending before the Court is the Government's motion for revocation of United States Magistrate Judge Keith A. Pesto's ("Magistrate Judge") release order of Defendant Joshua Edmonds ("Edmonds" or "Defendant"). (ECF No. 898). After *de novo* review of the record in this matter, the Government's motion for revocation of the Magistrate Judge's release order is **GRANTED**.

II. Jurisdiction

The Government filed the instant motion pursuant to 18 U.S.C. § 3145(a), which provides that "[i]f a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order . . . ." 18 U.S.C. § 3145(a)(1). This Court has original jurisdiction over the charged offense set forth in the criminal indictment in this case. (ECF Nos. 68, 453). Therefore, the Government's revocation motion is properly filed in this Court. Moreover, in conducting its review of the appeal, this Court applies a *de novo* standard of review. *See United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985); *United States v. Oliver*, 2016 WL 1746853, at *4 (W.D. Pa. May 3, 2016).

### III. Background

On August 10, 2021, a grand jury indicted Edmonds, charging him with distribution and possession with intent to distribute 1 kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, 50 grams or more of methamphetamine, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, all Schedule II controlled substances, contrary to provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), and 841(b)(1)(A)(viii). (ECF No. 68 at 2-3). Thereafter, on November 9, 2021, a Superseding Indictment was returned against Edmonds alleging the same charge contained in the original indictment. (ECF No. 453 at 2-3).

On September 30, 2021, Edmonds self-surrendered to federal custody and appeared before the Magistrate Judge for an initial appearance and arraignment hearing. (ECF Nos. 373, 374, 908 at 8:12-17). At his initial appearance and arraignment hearing, Edmonds pleaded not guilty to Count One of the Indictment and the Magistrate Judge ordered that Edmonds be detained pending a detention hearing. (ECF Nos. 373, 374). Edmonds' first detention hearing took place on October 4, 2021 ("October 4 Hearing"). (ECF Nos. 402, 908). After considering the Pretrial Services report ("October 4 Pretrial Report")[1] and hearing arguments from the Government and

---

[1] The Pretrial Services Office prepared a report for use at the October 4, 2021 detention hearing. The "Assessment of Danger" portion of the report set forth the following reasons that Defendant poses a risk of

2

Edmonds, the Magistrate Judge ordered Edmonds released to home detention with location monitoring at his mother's home located in Columbus, Ohio. (ECF No. 403).

Thereafter, on April 29, 2022, an arrest warrant was issued for Edmonds in Cambria County, Pennsylvania, in connection with Edmonds' alleged criminal abuse of a corpse.[2] (Government Exhibit 1). The charges and affidavit of probable cause allege that, following the murder of Dashawn Cornelius Green, Edmonds assisted in removing Green's body from the location of his murder, placing Green's body in a tarp constructed of trash bags and duct tape, driving Green's body approximately 10-15 minutes away from the site of the murder and dumping Green's body over a culvert. (*Id.*). The alleged abuse of Green's corpse is reported to have occurred on January 18, 2021, approximately seven months before he was criminally indicted in the present case. (*Id.*; ECF No. 68). Pursuant to the arrest warrant, on May 6, 2022,

---

danger: (1) Prior Arrests and Convictions, (2) Criminal Activity while under Supervision, (3) History of Weapons Offense(s), and (4) Criminal History. The "Assessment of Nonappearance" portion of the report indicated that Defendant poses a risk of nonappearance due to (1) the Offense Charged, (2) Criminal Activity While Under Supervision, and (3) Criminal History. Pretrial Services recommended that Defendant be released on an unsecured bond subject to the terms of an attached AO199.

[2] The arrest warrant issued out of Cambria County, Pennsylvania charges Edmonds with six criminal acts: (1) abuse of a corpse, (2) obstruction of the administration of law or other government function, (3) hindering the apprehension, prosecution, conviction or punishment of another, (4) conspiracy to obstruct the administration of law or other government function, (5) conspiracy to hinder the apprehension, prosecution, conviction or punishment of another, and (6) conspiracy to abuse a corpse. (Government's Exhibit 1). Although Edmonds is charged with abusing a corpse, he is not charged with any conduct in connection with the actual murder of the person whose corpse he is alleged to have criminally abused. (*Id.*; ECF No. 909 at 4:15-22).

Edmonds was taken into custody without incident by the United States Marshals Service[3] at his mother's home in Columbus, Ohio. (ECF No. 921 at 14:3, 22:23-25).

On May 25, 2022, the Government and Edmonds appeared before the Magistrate Judge for a status conference in which the Government moved the Court to re-open detention proceedings pursuant to 18 U.S.C. § 3142(f)(2), on the grounds that the filing of state charges against Edmonds presented a material change in circumstances "bearing on his risk of failure to appear and danger to the community." (ECF No. 873).

Edmonds' second detention hearing took place on June 3, 2022 before the Magistrate Judge ("June 3 Hearing"). (ECF Nos. 891, 909). After reviewing the charges filed against Edmonds in Cambria County, Pennsylvania, hearing arguments from the Government and Edmonds, and considering an updated Pretrial Services report ("June 2 Pretrial Report"),[4] the Magistrate Judge indicated his intent to adopt the Pretrial Services release plan and order Edmonds released to

---

[3] The Pennsylvania State Police referred Edmonds' arrest warrant to the United States Marshals. (ECF No. 921 at 4:5-17),

[4] The Pretrial Services Office prepared a report for use at the June 3, 2022 detention hearing. The "Assessment of Danger" portion of the report set forth the following reasons that Defendant poses a risk of danger: (1) Nature of Instant Offense: *The defendant is currently charged with a drug offense*, (2) Criminal Activity while under Supervision: *It appears the defendant has been charged with at least two offenses while on probation*, (3) History of Weapons Offense(s): *It appears the defendant pled guilty to Improper Handling of a Firearm in 2014*, (4) Pattern of Similar Criminal Activity History: *Including the instant offense, it appears the defendant has been charged with drug related offenses on at least six occasions*, and (5) Criminal History. The "Assessment of Nonappearance" portion of the report indicated that Defendant poses a risk of nonappearance due to (1) the Offense Charged: *The defendant is currently charged with Title 21 U.S.C. § 846 - Conspiracy to Distribute and Possess with Intent to Distribute 1 Kilogram or More of Heroin, 5 Kilograms or More of Cocaine, 280 Grams or More of Crack, 400 Grams or More of Fentanyl, 50 Grams or More of Methamphetamine, and 500 Grams or More of Methamphetamine*, (2) Lack of Familial, Residential, Community, Employment, Property, and Financial Ties (not limited to the district of arrest): *It appears the defendant's ties are primarily to Columbus, Ohio*. (3) Criminal Activity While Under Supervision: *It appears the defendant has been charged with at least two offenses while on probation*, (4) Pending Charges:
It appears the defendant currently has pending felony and misdemeanor charges at Case *No.: CR 105-2022/ R283175-4, which involve the defendant allegedly conspiring and assisting to conceal a murder crime scene*, (5) Criminal History. Pretrial Services recommended that Defendant be released on an unsecured bond subject to the terms of an attached AO199.

4

home detention with GPS location monitoring at his mother's home located in Columbus, Ohio. (ECF No. 909 at 13:15-17).

The Government appealed the Magistrate Judge's release order, and the Magistrate Judge stayed his release order pending disposition of the instant appeal before this Court. (*Id.* at 13:19-21; ECF No. 898). On June 22, 2022, this Court held a *de novo* hearing ("June 22 Hearing") on the Government's motion to revoke The Magistrate Judge's release order. (ECF No. 921).

### IV. Legal Standard

In this case, which involves "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," there is a rebuttable presumption in favor of pretrial detention. 18 U.S.C. § 3142(e)(3)(A). To rebut this presumption, "[t]he defendant must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light and has been construed as easy to meet. *U.S. v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). The Court must consider the factors delineated in 18 U.S.C. § 3142(g) to determine whether the defendant rebutted the presumption of detention, including:

(1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or is a crime involving a firearm;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including (a) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (b) whether at the time of the current

offense, the defendant was on probation or completion of a sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's pretrial release.

18 U.S.C. § 3142(g).

"If the defendant rebuts the presumption, the burden of persuasion remains with the government." *Chagra*, 850 F. Supp. at 357 (citing *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985)). The Government is then required to prove (1) that the defendant poses a flight risk by a preponderance of the evidence; or (2) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. *United States v. Kolonis*, 2020 WL 5253192, *3 (W.D. Pa. Sept. 3, 2020). The § 3142(g) factors again guide the Court's analysis of whether the government has met its burden.

## V. Discussion

For purposes of this motion, the Court has reviewed the transcript of the October 4 Hearing (ECF No. 908), the October 4 Pretrial Report, the transcript of the June 3 Hearing (ECF No. 909), the June 2 Pretrial Report, the transcript of the June 22 Hearing (ECF No. 921), as well as the Government's exhibits offered at the June 22 Hearing (Government Exhibits 1, 2). After carefully reviewing the entire record in this case, the Court makes the following findings.

### A. Edmonds Has Not Rebutted the Presumption in Favor of Detention

As an initial matter, the Court finds that there is probable cause to believe that Edmonds committed the offense with which he is charged in the Indictment. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) (finding that an "indictment is sufficient to support a finding of

6

probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)"). As previously stated, Edmonds is charged with conspiracy to distribute and possess with intent to distribute various amounts of heroin, cocaine, crack cocaine, fentanyl and methamphetamine. (ECF Nos. 68 at 2-3; 453 at 2-3). This charge raises the rebuttable statutory presumption that no condition or combination of conditions will reasonably assure Edmonds' appearance in Court and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

As to the first prong, the Court finds that Edmonds has introduced sufficient evidence to assure the Court that he will appear in Court as required because (1) he previously self-surrendered to federal custody upon notice of the federal indictment against him, (2) he has demonstrated a willingness to abide by the conditions of his pretrial release relating to his home detention with location monitoring, and (3) he has confirmed that he will waive the necessary rights and privileges he may be entitled to under Interstate Agreement on Detainers Act ("IADA") so as to ensure his appearance in this Court. Additionally, Edmonds has no passport, he has never traveled outside of the United States, and has strong familial ties to Columbus, Ohio. (June 2 Pretrial Report). Based on this evidence, Edmonds has clearly produced "some credible evidence" that conditions will reasonably assure his appearance as required, *see Carbone*, 793 F.2d at 560, and has thus met his "relatively light" burden of production, *see United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). This Court therefore concludes that Edmonds has rebutted the presumption of detention with regard to risk of flight.

However, as to the second prong, and as discussed more fully below, *infra* Section V.B., the Court finds that Edmonds has not produced sufficient evidence to rebut the presumption that

7

no condition or combination of conditions will reasonably assure the safety of the community. Indeed, in reviewing the October 4 Hearing transcript, the Court notes that the Magistrate Judge found that the proposed release plan, as reflected in the October 4 Pretrial Report, rebutted the presumption in favor of detention. (ECF No. 908 at 3:3-9). Edmonds offered no evidence independent of the October 4 Pretrial Report that would lead this Court to conclude that the presumption in favor of detention had been rebutted.[5] (ECF No. 908).

Moreover, the Court notes that Edmonds offered no evidence at the June 3 Hearing or the June 22 Hearing to demonstrate that the presumption in favor of detention had been rebutted. (ECF Nos. 909, 921). Rather, Edmonds only offered argument that he did not pose a danger to the safety of the community, (ECF No. 909 at 10:11-16), and that there was little new information to substantiate an increased level of danger to society or any individual. (ECF No. 921 at 31:2-7). The Court heard no testimony relating to Edmonds' moral integrity, respect for the law, or personal reliability—testimony which is crucial to an effective rebuttal of the statutory presumption in cases involving serious narcotics distributors. *See U.S. v. Santiago-Pagan*, 2009 WL 1106814 at *5 (M.D. Pa. Apr. 23, 2009).

Although Edmonds' burden of production is relatively light and has been construed as easy to meet, *Chagra*, 850 F. Supp. at 357, the Court finds that Edmonds has failed to meet his

---

[5] The Court notes that Edmonds may not have offered any evidence independent of the October 4 Pretrial Report at the October 4 Hearing because (1) the Magistrate Judge found the presumption in favor or detention had been rebutted by the October 4 Pretrial Report (ECF No. 908 at 3:3-9.) and (2) the Government acknowledged that it was not fully contesting Edmonds' pretrial release (*id.* at 3:10-16). Therefore, the Court ascribes little weight to the fact that Edmonds failed to produce sufficient evidence to rebut the presumption in favor of detention at the October 4 Hearing.

burden of production. In reaching its determination that Edmonds failed to rebut the presumption that no condition or combination of conditions will assure the safety of the community, the Court weighed each of the § 3142(g) factors discussed more fully below.

### B. § 3142(g) Factors.

The first factor the Court considers—the nature and circumstances of the offense charged—weighs in favor of Edmonds' detention. Edmonds is charged with conspiracy to distribute and possess with intent to distribute large amounts of heroin, cocaine, crack cocaine, fentanyl and methamphetamine. (ECF Nos. 68, 453). The nature of this charge is undeniably serious. Indeed, as the Assistant United States Attorney proffered at both the October 4 Hearing and June 3 Hearing, Edmonds is alleged to have been a mid-level supplier/ alternative supplier of several controlled substances to members of a Johnstown drug ring. (ECF Nos. 908 at 6:17-7:2; 909 at 5:5-8). Considering that Edmonds is charged with being a mid-level/alternative supplier of large quantities of drugs, the Court finds that the nature and circumstances of the charged offense clearly weighs in favor of detaining Edmonds before trial.

The second factor—the weight of the evidence against Edmonds—also weighs in favor Edmonds' pretrial detention. The Government has proffered evidence showing that Edmonds traveled to Johnstown, Pennsylvania from Ohio on seven occasions to deliver large amounts of methamphetamine, fentanyl and heroin. (ECF Nos. 908 at 6:17-7:2; 921 at 26:1-8). Edmonds has not contested the Government's proffer that the Government's wiretaps will confirm that such travels and distribution occurred as the Government alleges. Given that Edmonds has not challenged the Government's evidence, the Court finds the evidence against Edmonds is

substantial. Therefore, the Court finds that the weight of the evidence against Edmonds weighs heavily in favor of pretrial detention.

The third factor—the history and characteristics of Edmonds—weighs in favor of detention. Edmonds is 29 years old and is in good physical health. (June 2 Pretrial Report). Although he has no high school diploma or GED, Edmonds has stable employment and has been promoted in his current job. (*Id.*; ECF No. 921 at 30:11-19). Taken alone, these characteristics would generally weigh in favor of pretrial release. However, given Edmonds' considerable criminal history, the Court finds Edmonds' history and characteristics weigh in favor of pretrial detention.

As outlined in the June 2 Pretrial Report, Edmonds has criminal history that includes several drug-related offenses including possession of controlled substances and drug paraphernalia as well as a conviction for improper handling of a firearm. (June 2 Pretrial Report). Most concerning of Edmonds' criminal conduct is, of course, the offense relating to the improper handling of a firearm. Further, the Court notes that Edmonds was recently charged with abuse of a corpse in Cambria County, Pennsylvania. Although the Cambria County charges do not allege that Edmonds participated in any crime of violence—i.e., the actual murder of the victim whose corpse Edmonds is alleged to have criminally abused— the charges nonetheless allege that Edmonds engaged in serious criminal conduct. (Government Exhibit 1). As stated in the Cambria County charges, Edmonds allegedly assisted in concealing a murder scene by constructing a tarp, wrapping the victim's body in the tarp, moving the body to the backseat of a vehicle, driving the body out of Johnstown, Pennsylvania, and dumping the body and other evidence that could be

used to identify the victim and the alleged murderer. (*Id.*; ECF No. 909 at 6:4-15). Although the Cambria County charges are merely allegations of criminal conduct at this point, when weighed in concert with the offense charged in the present suit, as well as his other criminal convictions, the Court finds that Edmonds' history and characteristics weigh in favor of pretrial detention.

The fourth factor—the nature and seriousness of the danger to the community—also weighs in favor of pretrial detention. The Government argues that Edmonds poses a danger to the community because of his ongoing criminal conduct. (ECF No. 921 at 26:24-28:6). In support of this argument, the Government offers (1) the arrest warrant and corresponding charges out of Cambria County regarding Edmonds' alleged criminal abuse of a corpse and (2) a photograph depicting several individuals holding firearms, many of whom are related to Edmonds, friends with Edmonds, or former co-conspirators with Edmonds in the instant federal case. (Government Exhibits 1, 2).

With respect to the Cambria County charges, as discussed *supra*, the Court has serious concerns about the criminal conduct Edmonds is alleged to have participated in in Cambria County, Pennsylvania. (Government Exhibit 1). Although the Cambria County charges are merely allegations of criminal conduct at this point, the Court is not convinced that Edmonds' alleged behavior, taken in concert with the other factors previously discussed, will assure the community's safety.

Next, as to the Government's photograph depicting several individuals holding firearms, both the Government and Edmonds concede that Edmonds is not depicted in the photograph. (ECF No. 921 at 27:215-20; 28:21-29:4). Although Edmonds may have connections to the

individuals depicted in the photograph, his connections to the people in the photograph alone is not enough for this Court to find that Edmonds poses a serious danger to the community. Nevertheless, when reviewing Edmonds' considerable criminal history, the charges relating to the instant offense, and the recent charges of criminal conduct in Cambria County, Pennsylvania, the Court finds that Edmonds would pose a serious danger to the community if released. Therefore, the Court finds that that the nature and seriousness of the danger Edmonds poses to the community weighs in favor of pretrial detention.

### C. The Government's Burden

Had Edmonds met his burden of production and rebutted the presumption in favor of pretrial detention, the Government would then be required to prove that (1) the defendant poses a flight risk by a preponderance of the evidence; or (2) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. *Kolonis*, 2020 WL 5253192 at *3. Here, assuming Edmonds met his evidentiary burden and rebutted the presumption in favor of detention, the Court would nonetheless find that the Government has demonstrated by clear and convincing evidence that Edmonds is a danger to the safety of any other person and the community. Indeed, in reviewing the evidence produced by the Government concerning Edmonds' considerable criminal history, the charges relating to the instant offense, the weight of the evidence against Edmonds, and the recent charges of criminal conduct in Cambria County, Pennsylvania, the Court would find that the Government has proven by clear and convincing evidence that Edmonds would pose a serious danger to the community if released. Accordingly, the Court would order that Edmond would be detained pending trial.

### D. Conclusion

Therefore, after carefully considering the circumstances in this case, the Court finds that the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of detention. Edmonds has failed to proffer sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community. Therefore, this Court **GRANTS** the Government's motion for revocation and **ORDERS** Edmonds detained pending trial.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:21-cr-16 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| JOSHUA EDMONDS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 22nd day of July, 2022, upon consideration of the Government's Motion for Revocation of Order of Release (ECF No. 898), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that the Government's Motion for Revocation of Order of Release is **GRANTED**.

BY THE COURT

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE